**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAWRENCE SAMPLE, JR.,
<u>Plaintiff-Appellant,</u>

v.

RON ANGELONE, Director; DOCTOR
SMITH, Chief Medical Examiner;
E. C. MORRIS, Deputy Director; DON
LARSON, Deputy Director; W. P.
ROGERS, Regional Director; F. W.
GREENE, Warden; J. A. POHLMAN,

No. 98-7421

Lieutenant; P. D. ISREAL, Nurse; J.
LAFOON, Head Nurse; SERGEANT
MCIVOR; MR. CARTER, Inmate
Hearings Officer; ED WRIGHT,
Warden; R. C. RANSOM, Warden;
SERGEANT PARRISH; COUNSELOR
JUDKINS; COUNSELOR DRAKE;
SERGEANT MCDILLA; MS. ALEXANDER,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-97-1666-AM)

Submitted: January 19, 1999

Decided: February 5, 1999

Before LUTTIG and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence Sample, Jr., Appellant Pro Se. Mark Ralph Davis, OFFICE
OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Vir-
ginia; Charles Manley Allen, Jr., Bryan Alan Fratkin, GOODMAN,
WEST & FILETTI, Glen Allen, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lawrence Sample Jr., a Virginia inmate, appeals from the district
court's order granting summary judgment to Defendants-Appellees on
Sample's 42 U.S.C.A. § 1983 (West Supp. 1998) claim alleging a vio-
lation of First Amendment freedom of religion rights. Sample was
placed in segregation at the Brunswick Correctional Center in 1997,
after refusing, on religious grounds, to submit to a tuberculosis test
containing a product that may be manufactured from pork (PPD test).
Defendants-Appellees (Defendants) are fifteen state prison officials
and three contract medical providers.

We review the grant of summary judgment de novo, and summary
judgment is appropriate only where there is no genuine issue of mate-
rial fact that could lead a trier of fact to find for the non-moving party.
See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A prison regulation that infringes upon a prisoner's constitutional
rights will nevertheless be upheld if the regulation is "reasonably
related" to promoting a legitimate penological interest. See O'Lone,
482 U.S. at 350; Turner v. Safley, 482 U.S. 78, 87 (1987). The test

2

used to determine whether a regulation is permissible assesses four factors: (1) whether the regulation is logically connected to the legitimate government interests invoked to justify it; (2) whether an alternative means of exercising the right on which the regulation impinges remains open to prison inmates; (3) the impact that accommodation of the asserted rights will have on prison staff, other inmates, and the allocation of prison resources; and (4) the absence of ready alternatives that fully accommodate the prisoner's rights at de minimis cost to valid penological interests. See Turner, 482 U.S. at 89-90.

The district court properly determined that the Virginia Department of Corrections' (VDOC) regulation requiring PPD testing of inmates and prison staff for tuberculosis exposure is reasonably related to the legitimate penological objective of ensuring the health and welfare of inmates. Because Sample has failed to produce sufficient evidence that an adequate alternative tuberculosis test is available, and because the prison officials are not required to disprove its availability, see O'Lone, 482 U.S. at 350, Sample cannot prevail. The district court properly granted Defendants' motion for summary judgment after having determined that the balance of interests in this case overwhelmingly compels the conclusion that VDOC officials were acting in accordance with the legitimate penological interest of ensuring the health and welfare of inmates and prison staff by placing Sample in segregation after he refused to allow medical staff to conduct a PPD test on him.

For these reasons we affirm the district court's order entering summary judgment in favor of Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3